FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH OMAR SABIR,<br><br>          Plaintiff,<br><br>      v.<br><br>NAPHCARE INC, a for-profit Alabama corporation, AMANDA SPAYDE, an individual and NaphCare Employee, MICHELLE JOHNSON, an individual and NaphCare Employee, SPOKANE COUNTY, a Washington municipal entity, SGT ROBERT BRITTOS, OFFICER THOMAS, OFFICER PHILLIPS, OFFICER MOSER, OFFICER RASMUSSEN, OFFICER HOWARD, and OFFICER EPLEY,<br><br>          Defendant. | No. 2:24-CV-00034-SAB<br><br>**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Defendants NaphCare, Inc., Amanda Spayde, and Michelle Johnson's Motion to Dismiss Plaintiff's Third Amended Complaint, ECF No. 65. Plaintiff is represented by Colin G. Prince and John B. McEntire, IV. Defendants NaphCare, Inc., Amanda Spayde, and Michelle Johnson are

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS \* 1**

represented by Ross C. Taylor, Jonathan D. Ballard, and Jakub L. Kocztorz. The Spokane County Defendants are represented by John E. Justice and Jakub L. Kocztorz. The Motion was considered without oral argument.

### Background

On February 2, 2024, Plaintiff, acting *pro se*, filed this action against Spokane County and "NaphCare Staff," asserting claims of medical malpractice. The Court dismissed his complaint with leave to amend due to pleading deficiencies.

Plaintiff moved to amend his Complaint on August 23, 2024. The proposed Second Amended Complaint included NaphCare, Inc. as a Defendant and added a § 1983 claim against "AMANDA, NaphCare Nurse" and NaphCare. The Court determined that NaphCare received notice of the initial Complaint by virtue of being the employer of "NaphCare Staff," and ordered Plaintiff to file a Second Amended Complaint by December 2, 2024, ECF No. 33.

Before filing the Second Amended Complaint, Plaintiff filed motions for leave to file a third amended complaint on November 8, 2024, and November 15, 2024. The second motion was granted, making the proposed complaint the operative Second Amended Complaint. The Second Amended Complaint included "NaphCare Inc." and "NaphCare Nurse 'Amanda' Spayde" as Defendants.

Counsel appeared on behalf of Plaintiff on November 22, 2024. Plaintiff's Counsel moved to amend the complaint again on October 17, 2025, to correct the listed Defendants, plead proper constitutional claims for a pretrial detainee, and to plead additional facts to support his claims. In relevant part, the proposed pleading included NaphCare and Nurse Spayde as Defendants and introduced Michelle Johnson as a Defendant. Plaintiff's Motion was granted. The Third Amended Complaint was filed on November 25, 2025, and summons were issued for NaphCare, Nurse Johnson, and Nurse Spayde between November 17 and 25, 2025. //

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS * 2**

## Plaintiff's Third Amended Complaint

Plaintiff was detained at Spokane County Jail beginning on January 24, 2021. He asserts that, upon arrival, he had a prescription for Warfarin (an anti-coagulant/blood thinner) on his person. He claims his Warfarin was not replaced and his medical screening upon booking should have been indicative of the need for him to be prescribed blood thinners. Plaintiff asserts his requests for Warfarin were ignored by Nurses Spayde and Johnson, and Defendants failed to meaningfully investigate his medical history.

On January 30, 2021, Plaintiff reported difficulty breathing, chest pain, facial numbness, and vision loss in one eye and was placed on medical watch. He states that Defendants ignored him and refused care. On February 2, 2021, Plaintiff made an additional complaint regarding his medical concerns, to which a Correctional Officer and Nurse Johnson responded and subsequently dismissed.

On February 2, 2021, Plaintiff covered his cell window in what he asserts was a plea for medical attention. This resulted in an extraction team of six officers removing him from his cell using force and pepper spray. Plaintiff was admitted to the hospital the next day due to swelling of his eye and underwent an MRI which revealed he sustained two acute infarcts in the frontal lobes.

Plaintiff asserts a Fourteenth Amendment claim under § 1983 against Nurse Spayde, Nurse Johnson, and NaphCare. He further asserts claims of medical negligence, negligence, and gross negligence against all Defendants.

Defendants NaphCare, Amanda Spayde, and Michelle Johnson now request the Court dismiss the Complaint as to them, arguing that Plaintiff's § 1983 claims are time barred, do not relate back, and the Third Amended Complaint fails to state a claim against the three defendants. Defendants assert Plaintiff fails to allege sufficient facts to meet the standard for a § 1983 claim, Plaintiff's medical negligence claim fails as a matter of law as NaphCare is not a hospital and is not subject to liability under this theory, and Plaintiff fails to allege sufficient facts to

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS \* 3**

establish that Amanda Spayde and Michelle Johnson breached the relevant standard of care.

### Relation-Back Standard

Under Fed. R. Civ. P 15(c)(1), an amended complaint relates back to the original complaint for the purposes of satisfying statutes of limitation when: (1) the basic claim arises out of the conduct set forth in the original pleading; (2) the party to be brought in received such notice that it will not be prejudiced in maintaining its defense; (3) that party knows or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements have been fulfilled within the prescribed limitations period. *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986).

### Fed. R. Civ. P. 12(b)(6) Dismissal Standard

A motion to dismiss under Rule 12(b)(6) is appropriate when a plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Generally, complaints must be pled with enough specificity to provide the defendant fair notice of what the plaintiff is claiming and the grounds upon which those claims rest. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). While the Court adopts the factual allegations as true on a motion to dismiss, conclusory allegations or formulaic recitation of the elements of a claim are insufficient. *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1054 (9th Cir. 2008).

### Legal Framework

1. **§ 1983 Claims**

To establish a claim under the Fourteenth Amendment, a plaintiff must allege facts supporting "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1975). A serious medical need exists where a failure to treat an inmate for

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS'
MOTION TO DISMISS \* 4**

that medical need could result in significant injury or the "unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

To establish § 1983 liability against an entity, a plaintiff must show that (1) he was deprived of a constitutional right; (2) the entity has a custom or policy; (3) that amounted to a deliberate indifference to the plaintiff's constitutional right; and (4) the policy was the moving force behind the constitutional violation. *Id*. at 694. If the policy or custom in question is an unwritten one, a plaintiff must show that it is so persistent and widespread that it constitutes a permanent and well settled practice. *Monell v. N.Y.C. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). The deliberate indifference standard is met when a plaintiff demonstrates: (1) a defendant made an intentional decision with respect to conditions under which the plaintiff was confined; (2) the conditions put plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable measures to reduce the risk of harm knowing or having reason to know of the high degree of risk; and (4) by not taking such measures, the defendant caused plaintiff injury. *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

**2. Medical Negligence, Negligence, and Gross Negligence Claims**

In Washington State, when an injury occurs in the healthcare context, an action for damages for that injury is governed exclusively by Wash. Rev. Code § 7.70. *Branom v. State*, 94 Wash. App. 964, 969 (1999). Accordingly, to make a claim of medical negligence under Wash. Rev. Code § 7.70, Plaintiff must show one of the following: (1) injury resulted from the failure of a health care provider to follow the accepted standard of care; (2) a health care provider promised the patient that the injury suffered would not occur; or (3) the injury resulted from care to which the patient did not consent. Wash. Rev. Code § 7.70.030. A "health care provider" is defined to include nurses and the entities that employ them. Wash. Rev. Code § 7.70.020(1), (3).

//

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS'
MOTION TO DISMISS \* 5**

<u>Analysis</u>

**1. Statute of Limitations**

As § 1983 lacks its own statute of limitations, courts apply the applicable state statute of limitations (3 years in Washington State) and any relevant tolling provisions to such claims. *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991); *Lockett v. Cnty. of L.A.*, 977 F.3d 737, 740 (9th Cir. 2020). Plaintiff asserts he was a pretrial detainee for 145 days during the period he could have brought his § 1983 claim. Defendant argues Plaintiff is barred from making this argument as there are no allegations supporting it in the operative complaint. However, Defendant cites to no authority to support this conclusion. Accordingly, the applicable limitations period is extended by 145 days, and it expired on June 29, 2024. Wash. Rev. Code § 4.16.190. As Plaintiff filed his initial complaint on February 2, 2024, his § 1983 claims are not time barred.

**2. Relation-back, Service, and Timing of Complaints**

**a. NaphCare, Inc.**

The facts from the initial Complaint through the Third Amended Complaint are substantially similar and arise out of the same course of conduct. This Court already determined that NaphCare, Inc. was on notice of the lawsuit from the initial Complaint as "NaphCare Staff" were listed as Defendants. Although NaphCare was not formally added as a Defendant until the Second Amended Complaint, the inclusion of "NaphCare Staff" in the initial Complaint and "NaphCare Nurse 'Amanda'" in the First Amended Complaint are enough to have put NaphCare on notice that it would be a party to this litigation but for a mistake on Plaintiff's end.

**b. Nurse Amanda Spayde**

Similarly, Nurse Amanda Spayde was named as a Defendant in the initial Complaint. Although there have been several variations of her name, she has been included in this lawsuit as a Defendant from the start. Nurse Amanda Spayde was

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS \* 6**

served with the original complaint within the 90-day service period, and the Third Amended Complaint accordingly relates back.

### c. Nurse Michelle Johnson

The Third Amended Complaint is the first time Nurse Michelle Johnson is named as a Defendant in this matter. Although she was allegedly involved in the conduct discussed in the original complaint, she was added after the statute of limitations expired and there is no evidence that she should have been on notice of her being a party to this litigation but for a mistake on Plaintiff's part. *See Schiavone*, 477 U.S. at 29. As such, the claims as to Nurse Michelle Johnson are time barred.

### 3. Motion to Dismiss

#### a. § 1983 Claims

Plaintiff has alleged several facts to support a § 1983 claim, which requires him to show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Plaintiff's Third Amended Complaint provides a timeline of requests, denials, and other actions that are relevant to such a claim, and these allegations are sufficient to put Defendants on notice of the claim and the facts Plaintiff intends to use to support it.

#### b. Negligence Claims

Plaintiff alleges sufficient facts to put Defendants on notice of his claims of medical negligence, and Defendants are individuals and entities subject to liability under the relevant statute. However, as Wash. Rev. Code § 7.70 provides the exclusive remedy for injuries arising in the healthcare context, Plaintiff's common law claims of negligence and gross negligence against NaphCare, Inc., Amanda Spayde, and Michelle Johnson are dismissed.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendants NaphCare, Inc., Amanda Spayde, and Michelle Johnson's Motion to Dismiss Plaintiff's Third Amended Complaint, ECF No. 65, is

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS'
MOTION TO DISMISS \* 7**

**GRANTED in part and DENIED in part**.

2. The Court directs the Clerks Office to terminate Michelle Johnson as a Defendant from the above-captioned matter.

3. Plaintiff's negligence and gross negligence claims against NaphCare, Inc. and Amanda Spayde are **DISMISSED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to file this Order and provide copies to counsel.

**DATED** this this 3rd day of March 2026.



_____
Stan Bastian
Chief United States District Judge

**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION TO DISMISS \* 8**